# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>AMARC ENTERPRISES, INC., a corporation; and ALBERT LEE SANCHEZ, JR. and GARY L. MATSON, SR., individuals,<br><br>           Defendants. | Case No. 20cv2351-MMA-AGS<br><br>**CONSENT DECREE OF PERMANENT INJUNCTION** |

Plaintiff, the United States of America, by its undersigned counsel, having filed a Complaint for Permanent Injunction against AMARC Enterprises, Inc., a corporation, and Albert Lee Sanchez, Jr., and Gary L. Matson, Sr., individuals (collectively, "Defendants"), and Defendants having appeared and consented to entry of this Decree without contest and before any testimony has been taken, and the United States of America having consented to this Decree;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over all parties to this action.

2. The Complaint for Permanent Injunction states a cause of action against Defendants under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* (the "Act").

3. The Complaint alleges that Defendants violate 21 U.S.C. § 331(d) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce, new drugs within the meaning of 21 U.S.C. § 321(p) that are neither approved pursuant to 21 U.S.C. § 355(a), (b), or (j), nor exempt from approval pursuant to 21 U.S.C. § 355(i).

4. The Complaint alleges that Defendants violate 21 U.S.C. § 331(a) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce, drugs, as defined by 21 U.S.C. § 321(g)(1), that are misbranded within the meaning of 21 U.S.C. § 352(f)(1) because their labeling fails to bear adequate directions for use.

5. The Complaint alleges that Defendants violate 21 U.S.C. § 331(k) by causing a drug to become misbranded within the meaning of 21 U.S.C. § 352(f)(1), while such drug is held for sale after shipment in interstate commerce.

6. The Complaint alleges that Defendants violate 21 U.S.C. § 331(a) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce, a new animal drug, as defined by 21 U.S.C. § 321(v), that is adulterated within the meaning of 21 U.S.C. § 351(a)(5) because it is unsafe in that it is not the subject of any FDA approval pursuant to 21 U.S.C. § 360b, conditional approval pursuant to 21 U.S.C. § 360ccc, or relevant index listing pursuant to 21 U.S.C. § 360ccc-1, and is not exempt from approval pursuant to 21 U.S.C. § 360b(j).

7. The Complaint alleges that Defendants violate 21 U.S.C. § 331(k) by causing a new animal drug to become adulterated within the meaning of 21 U.S.C. § 351(a)(5), while such drug is held for sale after shipment in interstate commerce.

8. Upon entry of this Decree, Defendants and each and all of their directors, officers, agents, representatives, employees, attorneys, successors and assigns, and any and all persons in active concert or participation with any of them, who have received actual notice of this Decree by personal service or otherwise (collectively, "Associated

Persons"), are permanently restrained and enjoined under 21 U.S.C. § 332(a), and the inherent equitable authority of this Court, from directly or indirectly receiving, manufacturing, processing, preparing, packing, repacking, labeling, relabeling, holding, and/or distributing any drug, and/or Poly-MVA and Poly-MVA for Pets, and the same or similar products referred to by any other name or ingredient, at or from 1339 Broadway, El Cajon, CA 92021, or at or from any other location(s) at which Defendants now or in the future directly or indirectly receive, manufacture, process, prepare, pack, repack, label, relabel, hold, and/or distribute any drug and/or Poly-MVA and Poly-MVA for Pets, and the same or similar products referred to by any other name or ingredient, ("Defendants' Facility") unless and until:

      A.    With respect to drugs intended for humans, the drug is the subject of an approved new drug application or abbreviated new drug application pursuant to 21 U.S.C. § 355(a), (b), or (j), or an investigational new drug application is in effect for such drug pursuant to 21 U.S.C. § 355(i); or

      B.    With respect to drugs intended for animals, the drug is the subject of an approved new animal drug application or abbreviated new animal drug application pursuant to 21 U.S.C. § 360b(b), a conditional approval pursuant to 21 U.S.C. § 360ccc, or an index listing pursuant to 21 U.S.C. § 360ccc-1, or an investigational new animal drug application is in effect for such drug pursuant to 21 U.S.C.§ 360b(j); or

      C.    Defendants have removed from product labels, labeling, promotional materials, websites and social media platforms owned, operated, or controlled by Defendants, and any other media: (i) all claims that the products diagnose, cure, mitigate, treat, or prevent disease, and all claims that otherwise cause any of their products to be a drug within the meaning of the Act; and (ii) all references, direct or indirect, to other sources that contain claims that Defendants' products diagnose, cure, mitigate, treat, or prevent disease, or claims that otherwise cause any of their products to be a drug within the meaning of the Act; and

    D. Defendants retain, at Defendants' expense, an independent person or persons (the "Labeling Expert") who is without personal or financial ties (other than a retention agreement) to Defendants and/or their families or affiliates, and who, by reason of background, training, education, or experience, is qualified to review the claims Defendants make for each of their products on product labels, labeling, promotional materials, websites (including, but not limited to, www.polymva.com) and social media platforms owned, operated, or controlled by Defendants, and any other media, to determine whether Defendants' claims cause any of their products to be a drug within the meaning of the Act. Defendants shall notify the United States Food and Drug Administration ("FDA") in writing of the identity and qualifications of the Labeling Expert within three (3) business days of retaining such Labeling Expert;

    E. The Labeling Expert performs a comprehensive review of Defendants' product labels, labeling, promotional materials, websites and social media platforms owned, operated, or controlled by Defendants, and any other media, and certifies in writing to FDA that: (i) he or she has inspected Defendants' Facility; (ii) he or she has identified all of Defendants' products and reviewed Defendants' claims for each product on product labels, labeling, promotional materials, websites and social media platforms owned, operated, or controlled by Defendants, and any other media; (iii) Defendants have removed all claims that cause any of Defendants' products to be a drug within the meaning of the Act; and (iv) based on the Labeling Expert's inspection and review, Defendants are operating in conformity with this Decree, the Act, and its implementing regulations. Defendants shall ensure that the Labeling Expert submits this written certification concurrently to FDA and Defendants no later than ten (10) business days after completing his or her inspection and review. Defendants shall ensure that the Labeling Expert's written certification includes the specific results of his or her inspection and review, including references to product names and copies of all materials reviewed. For all products for which Defendants have removed claims that caused such

products to be drugs within the meaning of the Act, and such products meet the definition of a dietary supplement, Defendants shall comply with the dietary supplement provisions of the Act and its implementing regulations before introducing such products into interstate commerce as dietary supplements;

   F. Defendants report to FDA in writing: (i) the actions they have taken to correct the violations brought to Defendants' attention by FDA, the Labeling Expert, and any other source; and (ii) the actions they have taken to ensure that the claims on Defendants' product labels, labeling, promotional materials, websites and social media platforms owned, operated, or controlled by Defendants, and any other media do not cause any of their products to be a drug within the meaning of 21 U.S.C. § 321(g)(1) unless: with respect to a drug intended for humans, the drug is the subject of an FDA-approved new drug application or abbreviated new drug application, or is exempt from approval; or, with respect to a drug intended for animals, the animal drug is the subject of an FDA-approved new animal drug application or abbreviated new animal drug application, conditional approval, or relevant index listing, or is exempt from approval;

   G. As and when FDA deems necessary, FDA representatives inspect Defendants' Facility to determine whether the requirements of this Decree have been met and whether Defendants are operating in conformity with this Decree, the Act, and its implementing regulations; and

   H. FDA notifies Defendants in writing that they appear to be in compliance with the requirements set forth in Paragraphs 8(A)–(F) of this Decree. In no circumstance shall FDA's silence be construed as a substitute for written notification.

 9. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of Defendants' Facility, collect samples, and, without prior notice, take other measures necessary to monitor and ensure continuing compliance with the Act, its implementing regulations, and this Decree. During such inspections, FDA representatives shall be permitted access to Defendants'

Facility including, but not limited to, all buildings, equipment, in-process or unfinished and finished materials and products, containers, labeling (including non-public and password-protected websites and social media platforms), and other promotional material therein; to take photographs and make video recordings; to take samples, without charge to FDA, of Defendants' finished and unfinished materials and products, containers and packaging material therein, labeling, and other promotional material; and to examine and copy all records related to the receipt, manufacturing, holding, and distribution of Defendants' products to ensure continuing compliance with the Act, its implementing regulations, and this Decree. The inspection shall be permitted upon presentation of a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to conduct inspections under the Act, 21 U.S.C. § 374.

10. Within ten (10) business days after FDA's request for Defendants' labels, labeling, promotional materials, websites, social media platforms, and any other media containing claims about the intended use(s) of Defendants' products, Defendants shall submit a copy of the requested materials (in hard copy or, if appropriate, on CD-ROM) to FDA at the address specified in Paragraph 25.

11. Defendants shall notify FDA in writing at least ten (10) business days before Defendants' creation of a new website or social media platform or link or reference, direct or indirect, to another website, social media platform, or other source that conveys information about Defendants' products.

12. After Defendants have complied with Paragraphs 8(A)–(F) and received FDA's written notification pursuant to Paragraph 8(H), Defendants shall retain an independent person or persons who shall meet the criteria described in Paragraph 8(D), (hereinafter, the "Auditor") to conduct audit inspections of Defendants' products and their labels, labeling, promotional materials, and websites and social media platforms owned, operated, or controlled by Defendants, no less frequently than once every six (6)

months for a period of five (5) years.  The first audit shall occur not more than six (6) months after Defendants have received FDA's written notification pursuant to Paragraph 8(H).  If Defendants choose, the Auditor may be the same person retained as the Labeling Expert described in Paragraph 8(D).

   A. At the conclusion of each audit inspection, Defendants shall ensure that the Auditor prepares a detailed written audit report ("Audit Report") analyzing whether Defendants are operating in compliance with this Decree, the Act, and its implementing regulations, and identifying in detail any deviations from the foregoing ("Audit Report Observations").

   B. Defendants shall ensure that each Audit Report contains a written certification that the Auditor:  (i) has personally inspected Defendants' Facility and reviewed all product labels, labeling, promotional materials, websites and social media platforms owned, operated, or controlled by Defendants, and any other media containing claims about the intended use(s) of Defendants' products; and (ii) personally certifies whether Defendants' products are in compliance with the requirements of this Decree, the Act, and its implementing regulations.

   C. As a part of every Audit Report, except the first, Defendants shall ensure that the Auditor assesses the adequacy of corrective actions taken by Defendants to correct all previous Audit Report observations.  Defendants shall ensure that each Audit Report is delivered contemporaneously to Defendants and FDA, at the address provided in Paragraph 25, by courier service or overnight delivery service, no later than ten (10) business days after the date the Audit inspection is completed.  In addition, Defendants shall maintain their Audit Reports and all their underlying data in separate files at Defendants' Facility and shall promptly make the Audit Reports available to FDA upon request.

   D. If an Audit Report contains any Audit Report Observations, Defendants shall, within seven (7) business days after receipt of the Audit Report, correct

those observations, unless FDA notifies Defendants in writing that a shorter time period is necessary.  Within ten (10) business days after Defendants' receipt of an Audit Report, Defendants shall ensure that the Auditor reviews the actions taken by Defendants to correct the Audit Report Observations.  Within five (5) business days after beginning that review, Defendants shall ensure that the Auditor reports in writing to FDA whether each of the Audit Report Observations has been corrected and, if not, which Audit Report Observations remain uncorrected.

13. Upon entry of this Decree, and after receiving FDA's written notification pursuant to Paragraph 8(H), Defendants and all Associated Persons (as described in Paragraph 8) are permanently restrained and enjoined under 21 U.S.C. § 332(a) from directly or indirectly doing or causing to be done any of the following acts:

A. Violating 21 U.S.C. § 331(d) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce, new drugs within the meaning of 21 U.S.C. § 321(p) that are neither approved pursuant to 21 U.S.C. § 355(a), (b), or (j), nor exempt from approval pursuant to 21 U.S.C. § 355(i);

B. Violating 21 U.S.C. § 331(a) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce, drugs, as defined by 21 U.S.C. § 321(g)(1), that are misbranded within the meaning of 21 U.S.C. § 352(f)(1) because their labeling fails to bear adequate directions for use;

C. Violating 21 U.S.C. § 331(k) by causing a drug to become misbranded within the meaning of 21 U.S.C. § 352(f)(1), while such drug is held for sale after shipment in interstate commerce;

D. Violating 21 U.S.C. § 331(a) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce, a new animal drug, as defined by 21 U.S.C. § 321(v), that is adulterated

within the meaning of 21 U.S.C. § 351(a)(5) because it is unsafe in that it is not the subject of any FDA approval pursuant to 21 U.S.C. § 360b, conditional approval pursuant to 21 U.S.C. § 360ccc, or relevant index listing pursuant to 21 U.S.C. § 360ccc-1, and is not exempt from approval pursuant to 21 U.S.C. § 360b(j);

      E.    Violating 21 U.S.C. § 331(k) by causing a new animal drug to become adulterated within the meaning of 21 U.S.C. § 351(a)(5), while such drug is held for sale after shipment in interstate commerce; and

      F.    Failing to implement and continuously maintain the requirements of this Decree, including but not limited to, for all products for which Defendants have removed claims that caused such products to be drugs within the meaning of the Act, and such products meet the definition of a dietary supplement, failing to comply with the dietary supplement provisions of the Act and its implementing regulations before introducing such products into interstate commerce as dietary supplements.

      14.    If, at any time after this Decree has been entered, FDA determines, based on the results of an inspection, a review of Defendants' product labels, labeling, promotional materials, websites, or social media platforms, a report prepared by Defendants' Labeling Expert or Auditor, or any other information, that Defendants have failed to comply with the Act, its implementing regulations, or this Decree, and/or that additional corrective actions are necessary to achieve compliance with the Act, its implementing regulations, or this Decree, FDA may, as and when it deems necessary, notify Defendants in writing of the noncompliance and order Defendants to take appropriate corrective action including, but not limited to, ordering Defendants to immediately take one or more of the following actions:

      A.    Cease receiving, manufacturing, processing, preparing, packing, repacking, labeling, relabeling, holding, or distributing any products;

      B.    Revise, modify, expand, or continue to submit any reports prepared pursuant to this Decree;

    C. Submit additional reports or information to FDA as requested;

    D. Recall any product at Defendants' expense; or

    E. Take any other corrective action(s) as FDA, in its discretion, deems necessary to bring Defendants and their products into compliance with this Decree, the Act, and/or its implementing regulations. This remedy shall be separate and apart from, and in addition to, any other remedy available to the United States under this Decree or under the law.

  15. Upon receipt of any order issued by FDA pursuant to Paragraph 14, Defendants shall immediately and fully comply with the terms of the order. Any cessation of operations or other action described in Paragraph 14 shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with this Decree, the Act, and its implementing regulations, and that Defendants may resume operations. Defendants shall pay all costs of recalls and other corrective actions, including the costs of FDA's inspections, investigations, supervision, analyses, examinations, sampling, testing, reviews, document preparation, travel, and subsistence expenses to implement and monitor the remedies set forth in Paragraph 14, at the rates specified in Paragraph 16.

  16. Defendants shall pay all costs of FDA's inspections, investigations, supervision, analyses, examinations, sampling, testing, and reviews that FDA deems necessary to evaluate Defendants' compliance with any part of this Decree, including the travel incurred by specialized investigatory and expert personnel, at the standard rates prevailing at the time the costs are incurred. As of the date that this Decree is signed by the parties, these rates are: $101.00 per hour or fraction thereof per representative for inspection and investigative work; $121.06 per hour or fraction thereof per representative for analytical or review work; $0.575 per mile (plus tolls) for travel expenses by automobile; government rate or the equivalent for travel by air or other means; and the published government per diem rate for subsistence expenses where necessary. In the

event that the standard rates applicable to FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court.

17. Within five (5) business days after entry of this Decree, Defendants shall post a copy of this Decree in a conspicuous location in a common area at Defendants' Facility and shall ensure that the Decree remains posted for as long as the Decree remains in effect. Within ten (10) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, signed by a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph.

18. Within ten (10) business days after entry of this Decree, Defendants shall hold a general meeting or series of smaller meetings for all employees, at which they shall describe the terms and obligations of this Decree. Within fifteen (15) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, signed by a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph and a copy of the agenda, list of attendees, and meeting minutes from the meeting(s) held pursuant to this paragraph.

19. Within ten (10) business days after entry of this Decree, Defendants shall provide a copy of the Decree by personal service or certified mail (return receipt requested) to each and all Associated Persons. Within twenty (20) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, signed by a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph, identifying the names, addresses, and positions of all Associated Persons who have received a copy of this Decree, and attaching a copy of the executed certified mail return receipts. Within five (5) business days after receiving a request from FDA for any information or documentation that FDA deems necessary to evaluate Defendants' compliance with this paragraph, Defendants shall provide such information or documentation to FDA.

20. In the event that any of the Defendants becomes associated with any additional Associated Person(s) at any time after entry of this Decree, Defendants shall immediately provide a copy of this Decree, by personal service or certified mail (return receipt requested) to such Associated Person(s).  Within ten (10) business days after the commencement of each such association, Defendants shall provide to FDA an affidavit, signed by a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph, identifying the names, addresses, and position(s) of all Associated Persons who received a copy of this Decree pursuant to this paragraph, and attaching a copy of the executed certified mail return receipts.

21. Defendants shall notify FDA in writing at least ten (10) business days before any change in ownership, name, or character of their business that occurs after entry of this Decree, including an incorporation, reorganization, creation of a subsidiary, relocation, dissolution, bankruptcy, assignment, sale, or any other change in the corporate structure, responsibility of any individual defendant, or identity of AMARC Enterprises, Inc., or the sale or assignment of any business assets, such as buildings, equipment, or inventory, that may affect obligations arising out of this Decree.  Defendants shall provide a copy of this Decree to any prospective successor or assign at least twenty (20) business days prior to any sale or assignment.  Defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than ten (10) business days prior to such assignment, change in responsibility of any individual defendant, or change in ownership.

22. If any Defendant fails to comply with any provision of this Decree, the Act, or its implementing regulations, including any time frame imposed by this Decree, then Defendants shall pay to the United States of America:  (a) five thousand dollars ($5,000) in liquidated damages for each violation of this Decree, the Act, or its implementing regulations; (b) an additional five thousand dollars ($5,000) in liquidated damages per day, per violation, for each violation of the Decree, the Act, or its implementing

regulations; and (c) an additional sum in liquidated damages equal to twice the retail value of any product distributed in violation of the Decree, the Act, or its implementing regulations.  The remedy in this paragraph shall be in addition to any other remedies available to the United States under this Decree or the law.

23.   Should the United States bring and prevail in a contempt action to enforce the terms of this Decree, Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees (including overhead), expert witness fees, travel expenses incurred by attorneys and witnesses, investigational and analytical expenses, administrative and court costs, and any other costs or fees relating to such contempt proceedings.

24.   Defendants shall abide by the decisions of FDA, and FDA's decisions shall be final.  All decisions conferred upon FDA in this Decree shall be vested in FDA's discretion and, to the extent that these decisions are subject to review, shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any FDA decision rendered pursuant to this Decree shall be based exclusively on the written record before FDA at the time the decision was made. No discovery shall be taken by either party.

25.   All notifications, certificates, reports, correspondence, and other communications to FDA required by the terms of this Decree shall be prominently marked "Consent Decree Correspondence" and addressed to Director, FDA, Human and Animal Food Division West 5, Los Angeles District, 19701 Fairchild, Irvine, CA 92612-6751, and shall reference this civil action by case name and civil action number.  An electronic copy shall be sent to orahafwest5compliancebranch@fda.hhs.gov.

//
//
//
//

26. This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

**IT IS SO ORDERED**.

DATE: August 2, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge